**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| ALLSTATE INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: CCB-11-1846 |
| | * | |
| JENNIFER WARNS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

Plaintiff Allstate Insurance Company ("Allstate") has filed suit against Defendant Jennifer Warns ("Ms. Warns").[1]  From February 28, 1977 to July 2, 2010, Ms. Warns was employed by Allstate, managing the defense of Allstate's insureds in lead paint litigation.  Ms. Warns now works for a direct adversary of Allstate and its insureds, a law firm named Bennett & Albright, P.A. ("Bennett & Albright").  The Complaint alleges that Ms. Warns was and is disclosing Allstate and its insureds' confidential and privileged information in violation of her fiduciary duties and Allstate's Code of Ethics.  *See* Compl. ¶ 1-4.  This Memorandum Opinion addresses Allstate's Motion to Compel, [ECF No. 56], the opposition, and the reply thereto. Specifically, Allstate filed this Motion to obtain additional responses to its document requests numbered 3-5, 7-11, 13, and 15, and to its interrogatories numbered 2-4.  I find that a hearing is unnecessary in this case.  *See* Local Rule 105.6 (D. Md. 2011).   For the reasons stated herein, Allstate's Motion to Compel is GRANTED IN PART and DENIED IN PART.

---

[1] This case has been referred to me by Judge Blake to resolve discovery disputes and related scheduling matters.  [ECF No. 83].

Allstate served discovery requests[2] on Ms. Warns on April 13, 2012.  Allstate received Ms. Warns's responses and objections to its requests on May 18, 2012.  On June 4, 2012, the parties spoke by telephone regarding Ms. Warns's responses and objections, and Ms. Warns notified Allstate that she would not provide additional documents or answers to interrogatories. As a result, Allstate served Ms. Warns with the instant Motion to Compel on June 18, 2012.  The parties conferred again regarding the disputed discovery requests on June 25, 2012, and were unable to resolve the dispute.  Allstate filed its motion with the Court on July 25, 2012.  Each disputed document request and interrogatory is addressed below.

**Document Requests**

All document requests must seek information within the scope of permissible discovery. Fed. R. Civ. P. 34(a).  The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  For good cause, "the court may order discovery of any matter relevant to the subject matter involved in the action."  *Id.*  The relevant information sought "need not be admissible at . . . trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  Additionally, the Federal Rules require that "all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010).  This court must limit discovery if

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

---

[2] Allstate's Motion to Compel relates to its First Request for Production of Documents and First Set of Interrogatories.  [ECF No. 56-1].

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

**1. Document Requests # 3, 4, 5, 7, 8, and 9**

In Document Requests # 3, 4, 5, 7, 8, and 9, Allstate essentially seeks all documents and communications that Ms. Warns retained from her time of employment at Allstate, or has in her possession from her work at Bennett & Albright, relating to Allstate or its insureds. Many of Ms. Warns's responses to the document requests constitute boilerplate objections. The Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 34(b)(2)(B), this Court's Local Rules, *see* Loc. R. 104.6, and governing case law prohibit non-specific and boilerplate objections to discovery requests. *Adams v. Sharfstein*, Civil Case No. CCB-11-3755, 2012 WL 2992172, at *4 (D. Md. July 19, 2012).

In response to Document Requests # 3, 4, and 5, Ms. Warns stated that she "objects to this request on the basis that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." Def.'s Resp. to Interrog. 4-5. She also objects "on the basis that the request[s are] vague and/or ambiguous." *Id.* In response to Document Requests # 7, 8, and 9, Ms. Warns repeats the above objections, and objects "on the basis that [the requests] seek[] information that is confidential and/or privileged." *Id.* at 6-7. Ms. Warns never explains how the document requests are overly broad, unduly burdensome, vague, ambiguous, or not calculated to lead to discovery of admissible evidence. As such, Ms. Warns's objections are insufficient, and Allstate's Motion to Compel responses to Document Requests # 3, 4, 5, 7, 8, and 9 is GRANTED. *See Adams*, 2012 WL 2992172, at *4 (granting defendants' motion to compel for certain document requests because plaintiff's boilerplate objections asserting vagueness, burdensomeness, and privilege were not particularized, in contrast with the Federal Rules of Civil Procedure, Local Rules, and case law); *see also Mezu v. Morgan St. Univ.*,

3

269 F.R.D. 565, 573-74 (D. Md. 2010) (holding that defendant waived objections to discovery requests because defendant failed to provide specific objections supported by particularized facts).

Of course, litigants may only obtain relevant information in discovery. *See* Fed. R. Civ. P. 26(b)(1). Here, Allstate alleges that Ms. Warns has and is disclosing confidential information about Allstate's insured clients. Pursuant to these requests, therefore, Allstate may only obtain documents that Ms. Warns still possesses from her time of employment at Allstate relating to Allstate or its insureds and lead paint litigation, and information that Ms. Warns sent or received while at Bennett & Albright relating to Allstate or entities that Ms. Warns knew to be insured by Allstate. To the extent that any of this information is privileged, Ms. Warns should create a privilege log denoting each document withheld, the nature of the privilege claimed, the name of the person making and receiving the communication, the date and place of the communication, and the document's general subject matter.

**2. Document Request # 10**

In Document Request # 10, Allstate seeks "[a]ll documents [Ms. Warns] obtained during the course of [her] employment with Allstate." Mot. to Compel 13. Although Ms. Warns's boilerplate objections to the request are deficient, the Court has an independent obligation to limit discovery if the discovery sought is unreasonably cumulative, or the burden or expense of the proposed discovery outweighs its benefit. Fed. R. Civ. P. 26(b)(2)(c). Both are true here.

First, the burden and expense to comply with the request as worded would be enormous. To fully respond to the request, Ms. Warns would have to produce every document she received between 1977 and 2010, including documents entirely unrelated to her work at Allstate. Even if the request is construed more narrowly to only include documents she obtained directly as a

result of her work at Allstate, she would still be required to produce countless irrelevant documents generated by (and likely also maintained by) Allstate, including her paystubs, personnel records, and tax documents.

Second, the relevant portion of the request is cumulative of other document requests. Allstate's other requests require Ms. Warns to produce all documents relating to the subject matter of the action (Document Request No. 6) and all documents relating to Ms. Warns's declaration denying liability (Document Request No. 11). In light of the cumulative nature of the overbroad request, and the burden and expense required to respond in full, Allstate's motion to compel a response to Document Request # 10 is denied.

### 3. Document Request # 11

Allstate's Document Request # 11 seeks "[a]ll documents that support, refer, or relate to any statement [Ms. Warns] made in [her] declaration filed in this action on August 10, 2011." Mot. to Compel 15. Ms. Warns's declaration denies the allegations made by Allstate that she has disseminated confidential or proprietary information, and provides a description of many events mentioned in Allstate's complaint. [ECF No. 15-1]. In response to Document Request # 11, Ms. Warns asserts that she has produced the only documents that she retained when she left Allstate. Def.'s Resp. to Interrog. 7-8. It is unclear whether Ms. Warns has produced any documents that she relied upon in making her August 10, 2011 declaration, or if any such documents exist. If Ms. Warns possesses any documents that support or relate to her August 10, 2011 declaration, they are relevant, and must be produced. If any such documents are privileged, Ms. Warns must compile a privilege log in the manner described above.

### 4. Document Request # 13

Allstate's Document Request # 13 seeks

> All policies and procedures in place at Bennett and Albright designed to shield disclosure of confidences any lawyer or paralegal now employed at Bennett and Albright *learned at their prior employment at any law firm* defending Lead Paint Litigation, including without limitation all correspondence, memorandum, emails or other documents that refer or relate to such policies and procedures.

Mot. to Compel 17 (emphasis added). Ms. Warns objects, noting that she was not employed at "any law firm" prior to working at Bennett & Albright, and therefore this document request is not relevant to the case against her. Def.'s Resp. to Interrog. 9. Allstate seemingly argues that if Bennett & Albright has a written policy or procedure to shield the disclosure of confidential information to conflicted attorneys ("a written policy"), Ms. Warns's assertion that Mr. Albright verbally told her that she could not work on cases involving Allstate's insureds is less likely to be true.

As stated above, evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Here, determining whether Mr. Albright told Ms. Warns that she could not work on Allstate cases, and whether Bennett & Albright properly shielded Ms. Warns from cases against Allstate's insureds, are facts of consequence to Allstate's claim that Ms. Warns is working on cases against Allstate. If Bennett & Albright has a written policy, Allstate could argue that Bennett & Albright puts screening policies in writing, making it less likely that Bennett & Albright verbally told Ms. Warns that she was to be screened from Allstate's insureds. To be clear, this Court makes no ruling on the weight of such written policies and procedures, if they exist. However, under the low bar of relevance, any such written policy must be produced.

While its request for a written policy may meet the low bar of relevance, Allstate's request for all correspondence, emails, or other documents referring or relating to such a policy does not. Allstate has not explained, and this Court is unable to discern, how correspondence

referring or relating to a written policy would be relevant to the claims and defenses in this case. Courts must limit discovery if the burden or expense of the proposed discovery outweighs its benefit. Fed. R. Civ. P. 26(b)(2)(C). This Court will not force Ms. Warns to search for countless internal emails and correspondence at great expense to recover documents making reference to a policy that expressly would not apply to Ms. Warns. In sum, Allstate's motion to compel a response to Document Request # 13 is granted in part and denied in part. Ms. Warns must produce any existing written policy, but she need not produce any correspondence, memoranda, emails, or other documents referring or related thereto.

**5. Document Request # 15**

In its Document Request # 15, Allstate seeks all documents, to the extent not otherwise produced, upon which Ms. Warns intends to rely to support her defenses and affirmative defenses. *See* Mot. to Compel 18. Ms. Warns essentially argues that she does not have enough information to fully respond to this request. *See* Def's Resp. to Interrog. 10-11. As in every case, the parties will continue to develop their litigation strategies as discovery proceeds. However, the evolving nature of litigation does not invalidate Allstate's request. Ms. Warns must produce documents she currently intends to use to support her defenses. As discovery progresses and the issues and arguments crystalize, Ms. Warns must supplement her responses.

**Interrogatories**

Interrogatories may relate to any nonprivileged matter that is relevant to any party's claims or defenses. *See* Fed. R. Civ. P. 33(a)(2). Each interrogatory, to the extent not objected to, must be "answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Objections to interrogatories "must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection." *Lynn v. Monarch Recovery*

*Mgmt., Inc.*, Civil No. WDQ-11-2824, 2012 WL 2445046, at *2 (citing *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005)); *see* Fed. R. Civ. P. 33(b)(4).  Unless good cause is shown, a party waives its objections if the grounds for the objections are not stated with specificity.  *Lynn*, 2012 WL 2445046, at *2 (citing Fed. R. Civ. P. 33(b)(4)).

### 1. Interrogatory # 2

Allstate's interrogatory # 2 asks Ms. Warns to "[i]dentify any person at Bennett and Albright or associated with any Lead Paint Litigation you now work on for Bennett and Albright with whom you have communicated about Allstate or any person or entity insured by Allstate." *See* Mot. to Compel 20.  Ms. Warns responds by stating that "it is common knowledge that Ms. Warns worked for Allstate and worked with lead paint claims at Allstate," that there is a "tremendous quantity of information" about Allstate's insureds in the public domain, and that she does not believe that she has any confidential or privileged information or a duty not to disclose such information.  *See* Def's Resp. to Interrog. 13.  As noted above, interrogatories must be answered "separately and fully in writing under oath."  *See* Fed. R. Civ. P. 33(b)(3).  Ms. Warns's response completely avoids the question of whether and with whom she has communicated about Allstate or any entity insured by Allstate.  Because such information is relevant to determining whether Ms. Warns divulged confidential information, Allstate's motion is GRANTED.

### 2. Interrogatory # 3 and # 4

Allstate's interrogatories # 3 and # 4 seek to determine which cases Ms. Warns has worked on and discussed with others at Bennett & Albright, and a description of Ms. Warns's involvement in each case.  In response to both interrogatories, Ms. Warns stated that "[w]ithout waiving any objections, Ms. Warns objects that the information sought is not relevant to

Allstate's claims against her and/or it seeks information protected by the attorney-client privilege." Def's Resp. to Interrog. 13-14.  As stated above, objections to interrogatories "must be specific, non-boilerplate, and supported by particularized facts where necessary." *Lynn*, 2012 WL 2445046, at *2.  Ms. Warns fails to specify how the disputed interrogatories are irrelevant or seek privileged information.  As such, Ms. Warns's objections are insufficient.

Moreover, these interrogatories seek information relevant to Allstate's claims.  Allstate's interrogatories # 3 and # 4 seek to determine whether Ms. Warns has worked on any case involving Allstate's insureds, or has discussed any case against Allstate's insureds with anyone at Bennett & Albright.  The information sought is directly relevant to Allstate's allegations that Ms. Warns is working on cases against Allstate's insureds, or is divulging the confidential information of Allstate's insureds to Bennett & Albright.

Additionally, requiring Ms. Warns to disclose the names of cases she has worked on at Bennett & Albright, whether they have been publicly filed or not, does not force her to reveal confidential information.  A client's identity is "normally not protected by the attorney-client privilege because such information ordinarily reveals no confidential professional communications between attorney and client." *In re Grand Jury Subpoena*, 204 F.3d 516, 519 (4th Cir. 2000) (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999); *In re Grand Jury Matter*, 926 F.2d 348, 352 (4th Cir. 1991)) (internal quotations omitted).  A client's identity is privileged "only if disclosure would in essence reveal a confidential communication." *In re Grand Jury Subpoena*, 204 F.3d at 520.  Here, Ms. Warns may potentially disclose a client's name when she responds to Interrogatories # 3 and # 4 by listing the cases she has worked on at Bennett & Albright, but in doing so, Ms. Warns would not reveal any confidential communications.  Revealing a client's name, in this instance, reveals nothing about legal

strategy, why the client sought legal services, and what was communicated between client and attorney.  Similarly, by giving a general description of her work on these cases, such as "intake" or "paralegal," Ms. Warns would not be disclosing confidential communications.[3]  As such, Ms. Warns must respond to Interrogatories # 3 and # 4, providing the full names of the cases she has worked on and discussed at Bennett & Albright, and providing any information regarding the nature of her work on these cases that does not reveal client confidences.

An implementing order is entered herewith.

Dated: November 15, 2012                                  _____/s/_____
                                                          Stephanie A. Gallagher
                                                          United States Magistrate Judge

---

[3] Certainly, Ms. Warns need not provide any information that would reveal confidential communications.  For example, Ms. Warns cannot be compelled to provide information that would reveal the motive of a client in seeking representation, legal strategy, or the specific nature of services provided.  *See Chaudhry*, 174 F.3d at 402-03.  However, if Ms. Warns can provide a general description of her duties without revealing confidential information, she must do so.  If she cannot, she should prepare an appropriate privilege log.