UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Northern Division

ALLSTATE INSURANCE COMPANY,   )
      )
      )
      )
    Plaintiff,       )
      )
v.       )   Civil Action No. 11-cv-01846 (CCB)(SAG)
      )
JENNIFER WARNS,       )
      )
    Defendant.       )

**PLAINTIFF ALLSTATE INSURANCE COMPANY'S MOTION FOR LEAVE
TO FILE SURREPLY IN OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL PRODUCTION OF COMPLETE DOCUMENTS**

Plaintiff Allstate Insurance Company ("Allstate") respectfully submits this Motion for

Leave to permit Allstate to file a brief surreply responding to arguments raised for the first time

in defendant Jennifer Warns' Reply to Plaintiff's Opposition to Defendant's Motion to Compel

Production of Complete Documents.  In support of this motion, Allstate states as follows:

1.      Defendant served her Motion to Compel on January 24, 2013.  That motion cited

no legal authority and made only passing reference to Allstate's assertions that the redacted

portions of the documents at issue were protected from disclosure by the attorney-client privilege

and/or the work-product doctrine.

2.      Allstate served its Opposition on February 11, 2013, asserting the privileged

nature of the documents.

3.      Defendant filed her Reply brief with the Court on February 22, 2013.  The Court

struck that filing for failure to comply with the Local Rules.  Following a conference with

Allstate's counsel concerning the motion, Defendant filed a slightly revised version of that Reply brief along with the remaining motion papers on February 28, 2013.

4.      Defendant's Reply brief raises legal issues and authority not addressed in her moving brief.  Specifically, Defendant argues for the first time in her reply: (1) that communications between Allstate and attorneys Allstate retained to defend its insureds are not privileged communications; and (2) that Allstate lacks standing to invoke the work-product doctrine protection for the redacted materials.  Neither of Defendant's arguments is correct and the arguments are dependent upon mischaracterizations of the applicable caselaw.

5.      "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."  *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003).  "If a defendant raises new legal issues or new theories in its reply brief, there is a basis to permit a plaintiff to file a sur-reply."  *Noohi v. Toll Bros., Inc.*, Civil Action No. RDB-11-00585, 2012 WL 70648, at *1 (D. Md. Jan. 5, 2012); *see also Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, 868 F. Supp. 2d 468, 496 (D. Md. 2012) (granting leave to file a surreply where the movant's reply brief "raised new arguments.").

6.      Because defendant delayed making these arguments until her Reply, a surreply is necessary to permit Allstate the opportunity to respond to them.  Absent a surreply, Allstate will not have the opportunity to contest defendant's misinterpretations of the governing law, and to present to the Court prior decisions from this district that are diametrically opposed to the positions defendant has now taken.  A copy of Allstate's proposed Surreply is attached hereto as Exhibit A.

7.      Allstate's counsel requested defendant's consent to this motion during the parties' meet-and-confer on February 27, 2013.  Defendant's counsel advised that he did not consent to

the filing of a surreply.  Notably, Defendant's counsel did alter the text of his reply in response to statements made during the meet-and-confer.

WHEREFORE, Allstate respectfully requests the Court grant Allstate leave to file the surreply attached hereto as Exhibit A.

Respectfully submitted,

Dated:  March 1, 2013

__/s/  David I. Ackerman_____
Kenneth J. Pfaehler (Bar # 22614)
David I. Ackerman (Bar #15921)
SNR Denton US LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
kenneth.pfaehler@snrdenton.com
david.ackerman@snrdenton.com
Telephone:  (202) 408-6400
Fax:  (202) 408-6399

*Counsel for Plaintiff Allstate Insurance Company*

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2013, the foregoing PLAINTIFF ALLSTATE

INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION

TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF COMPLETE DOCUMENTS

was served electronically via the Court's ECF system on:

Mark E, Herman, Esq.
14 West Madison Street
Baltimore, Maryland  21201
markherman@wgk-law.com


___/s/  David I. Ackerman____