UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 28, 2013

LETTER TO COUNSEL:

    RE:    *Allstate Insurance Company v. Jennifer Warns*;
             Civil No. CCB-11-1846

Dear Counsel:

    This case has been referred to me to address issues pertaining to discovery and related matters. [ECF No. 83]. Currently pending are the Motion to Compel Production of Complete Document [ECF No. 102] filed by Defendant Jennifer Warns ("Ms. Warns") and the Motion for Leave to File Surreply filed by Plaintiff Allstate Insurance Company ("Allstate"). [ECF No. 104]. I have reviewed both motions, the oppositions, and replies thereto. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons set forth herein, Ms. Warns's Motion will be DENIED, and Allstate's Motion will be GRANTED.

    This case involves claims of breach of fiduciary duty and breach of contract arising out of allegations that Ms. Warns is using confidential and privileged information gleaned during her employment at Allstate to benefit her new employer, David Albright, Jr. Mr. Albright's law firm frequently engages in litigation against Allstate's insureds. The parties' current dispute centers around the affidavit of Michael Kevin Barry, Ms. Warns's supervisor at Allstate, and twenty-three exhibits to that affidavit relating to the scope of Ms. Warns's duties while she was employed at Allstate (collectively, "the Barry affidavit"). Allstate submitted the Barry affidavit in connection with a court filing on August 29, 2011, and subsequently questioned Ms. Warns about the affidavit at her deposition. Prior to using the Barry affidavit, Allstate redacted significant portions of the twenty-three exhibits, claiming that the redacted portions are subject to attorney-client and attorney work product privileges. Ms. Warns contends that production of the affidavit, with unredacted copies of all of the exhibits, is warranted.

    Preliminarily, I must address Allstate's Motion for Leave to File Surreply. [ECF No. 104]. Ms. Warns's Motion to Compel specifically acknowledges Allstate's claim of privilege over the redacted portions of the exhibits, but does not suggest that Allstate's assertions of privilege were improper on the basis of standing. Ms. Warns's arguments regarding Allstate's lack of standing to assert privilege, made for the first time in her reply, could have and should have been made in her Motion to Compel. Her contention that Allstate should have *sua sponte* defended its standing to claim privilege is unfounded. It would be entirely contrary to notions of judicial economy to require any party asserting privilege to volunteer a detailed defense of its standing to assert the privilege, even where its standing has not been challenged. Allstate's surreply, which is narrowly tailored to address the standing issues raised for the first time in Ms. Warns's reply memorandum, will therefore be considered, and Allstate's Motion for Leave to File

Surreply [ECF No. 104] is GRANTED. Paragraphs 5 and 6 of Ms. Warns's Opposition to Plaintiff's Motion for Leave to File Surreply, [ECF No. 105], essentially constitute an unauthorized sur-surreply, and have been disregarded.

Turning to Ms. Warns's Motion to Compel, I first note the almost eighteen month delay between Ms. Warns's receipt of the Barry affidavit on August 29, 2011, and her motion seeking the unredacted version, which was served on February 22, 2013. Second, I note that while the redactions to the exhibits are extensive, enough text remains to establish the privileged nature of the communications contained therein. Many of the exhibits are letters, on law firm letterhead, or emails from attorney email addresses, with enough text to establish that the content of the correspondence contained legal opinions or analysis of a case. For example, several of the exhibits reflect that Ms. Warns requested that attorneys perform certain legal work in furtherance of litigation. *See, e.g.*, Ex. 1, 3, 5. Other exhibits are claims file entries made by Ms. Warns, which Allstate has proffered to have contained specific types of legal advice and opinions. *See* Pl. Mot. 9-10. It appears, therefore, that the documents have been properly redacted to protect privileged information.

Understandably, the redactions may have hampered Ms. Warns's ability to answer some of Allstate's questions about the exhibits at her deposition. However, Ms. Warns has not established that any of Allstate's questions resulted in waiver of the privilege. Ms. Warns's contentions that she needs the unredacted version to prove that the information was not confidential, that the information was known to Mr. Albright or was irrelevant to Mr. Albright, or that she never reviewed and digested the information, do not provide justification for invalidating a claim of privilege. Privileged information is simply not available in discovery, regardless of the opposing party's desire to review it. *See, e.g.,* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.").

Ms. Warns has also not established any reason justifying *in camera* inspection of the unredacted exhibits. To establish a need for *in camera* inspection, Ms. Warns would have to suggest "a factual basis to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged." *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992)); *see also Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 267 (D. Md. 2008). Ms. Warns has not alleged that the information is not privileged, other than to suggest that the privilege has been waived because she has already seen the documents. Pl. Mot. ¶ 12. However, she saw the documents as an Allstate employee within the scope of the corporation's privilege. *See Upjohn v. United States*, 449 U.S. 383, 395-7 (1981) (extending attorney-client privilege to communications between corporate employees and counsel for the purpose of obtaining legal advice). No waiver occurred in that context. Because Ms. Warns is no longer an Allstate employee, however, disclosure of the documents to her in discovery would constitute a waiver of the privilege. *In camera* review of the exhibits to determine privilege is therefore unwarranted.

The sole remaining question, then, is Allstate's standing to assert the privilege. Ms. Warns contends that the attorney-client privilege cannot be invoked by Allstate because the privilege can only be asserted by the client. I concur with the authority cited by Allstate suggesting that "in relation to counsel retained to defend the claim, the insurance company and the policy-holder are in privity." *Shapiro v. Allstate Ins. Co.*, 44 F.R.D. 429, 431 (E.D. Pa. 1968). The insurance company acts as a fiduciary for the policy-holder's interests in providing a defense. *See Mesmer v. MAIF*, 725 A.2d 1053, 1063 (Md. 1999). The insurance company therefore serves as the "client" for purposes of invoking the privilege regarding communications between counsel and the insurance company relating to the litigation. In arguing to the contrary, Ms. Warns misapprehends the holding in *Cutchin v. State*, 792 A.2d 359 (Md. Ct. Spec. App. 2002). The *Cutchin* court did not consider whether an insurance company is in privity with the policyholder in the attorney-client relationship with counsel hired by the insurance company to defend the policyholder. The *Cutchin* court simply considered whether a policyholder's statements to a non-attorney insurance representative, which were not taken at the direction of counsel and were not expressly deemed to be confidential, were privileged, and determine that they were not. *Id.* at 366-67. *Cutchin*'s rationale is not relevant in this case.

Ms. Warns further contends that Allstate cannot invoke the work-product doctrine because it belongs to the attorney working on the litigation, not to the client. Again, Ms. Warns misstates the governing legal principles. The Fourth Circuit has determined that "the ability to protect work product normally extends to both clients and attorneys." *In re Doe*, 662 F.2d 1073, 1079 (4th Cir. 1981); *see also Koch v. Specialized Care Servs., Inc.*, 437 F. Supp. 2d 362, 372 n.12 (D. Md. 2005) ("[B]oth the client and the attorney have an interest in work-product materials and have standing to assert the protection."). As a result, as the entity in privity with and furthering the interests of the policyholder, Allstate had standing to assert work-product protection with respect to the exhibits to the Barry affidavit.

For the reasons set forth herein, Ms. Warns's Motion to Compel [ECF No. 102] will be DENIED, and Allstate's Motion for Leave to File Surreply [ECF No. 104] will be GRANTED. Allstate seeks its fees and expenses incurred in defending the Motion to Compel. I am of the tentative view that at least a partial award of reasonable expenses, including attorney's fees, is warranted under Rule 37(a)(5)(B) ("If the motion is denied, the court . . . must after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."). The Rule provides that an award of expenses is inappropriate where the motion was "substantially justified." *Id.* However, my tentative view that Ms. Warns's motion was, at least in part, not substantially justified is premised on (1) the eighteen-month delay in filing the motion and the lack of a reasonable factual basis for challenging Allstate's assertion of privilege. The portion of Ms. Warns's motion that may have been substantially justified is the portion challenging Allstate's standing to assert the attorney-client privilege, as there is no binding precedent directly on point on the issue. However, since the standing issue was only raised in Ms. Warns's reply, Allstate would still be entitled to a proportional award for its opposition to the original motion. On or before April 11, 2013,

*Allstate Ins. Co. v. Jennifer Warns*
Civil No. CCB-11-1846
March 28, 2013
Page 4


Allstate should file a request for reasonable expenses documenting the expenses and fees incurred in defending the motion, and addressing the issue of whether any part of Ms. Warns's motion was substantially justified. On or before April 25, 2013, Ms. Warns should file any opposition to (1) the overall award of fees and expenses and (2) the specific fees and expenses requested by Allstate. Any reply from Allstate will be due by May 2, 2013. I will make a determination as to whether an award of fees is appropriate after a careful review of those submissions.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                            Sincerely yours,

                                            /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge